953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin BASS, Defendant-Appellant.
 No. 91-5279.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 11, 1991.
Decided Jan. 9, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CR-90-352-A, Albert V. Bryan, Jr., Senior District Judge.
 David J. Kiyonaga, Kiyonaga & Kiyonaga, Alexandria, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Cathleen A. Tutty, Assistant United States Attorney, Michael C. Liebman, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Bass was convicted after a bench trial of possession of heroin with intent to distribute (21 U.S.C.A. § 841 (West 1981 & Supp.1991)) and possession of an unlawfully received chemical compound by a prisoner (18 U.S.C. § 13 (1988) assimilating Va.Code Ann. § 53.1-203(5) (Michie 1991)). He appeals his convictions and his sentence. We affirm.
 
 
 2
 Bass contends that the district court erred in refusing either to dismiss the indictment or to compel the presence of Corporal Harris, the correctional officer who apprehended him. The officer had been called up for military service and sent to Saudi Arabia before trial; his incident report was not admitted into evidence. Bass did not attempt to subpoena Harris as a defense witness and was unable to proffer to the district court anything actually favorable to his defense which Harris might testify about. He simply maintained that the opportunity to discredit the officer's testimony against him was essential to his defense. The Sixth Amendment guarantees a criminal defendant the right to compulsory process of witnesses in his favor. See United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). It does not give him the right to compel the government to call a certain witness against him. The district court did not err in denying Bass's motion to dismiss the indictment or alternatively to compel the presence of Corporal Harris.
 
 
 3
 Bass also argues that the evidence was insufficient to support the guilty verdict. The government's case consisted of circumstantial evidence (the drugs which were seized) and the testimony of several correctional officers which tended to incriminate Bass. In his defense, Bass offered the testimony of two witnesses through whom he attempted to established that the absent Corporal Harris had framed him. The trial judge decided that the government's witnesses were more credible than the defense witnesses. A fact finder's determination of the credibility of witnesses is not reviewable. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 4
 Finally, we reject Bass's claim regarding the district court's finding that his offense level should be thirty-two. We find that the district court applied the correct offense level under U.S.S.G. § 4B1.1 in imposing sentence.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED